UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **TERENCE B. WILLIAMS** | **CIVIL ACTION NO. 18-1111** |
| | **SECTION P** |
| VS. | |
| | **JUDGE S. MAURICE HICKS, JR.** |
| **J.S. COLE, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Plaintiff Terence B. Williams, who proceeds pro se and in forma pauperis, filed the instant Complaint on August 28, 2018, under 42 U.S.C. § 1983. He names the following Defendants: Officer J.S. Cole, Officer C.D. Rose, Officer D. Snyder, Officer Q. Jenkins, Officer A. James, Officer J.P. Saiz, and "Shreveport Police."[1]

### Background

Plaintiff alleges that, on August 27, 2017, at approximately 11:55 p.m., officers with the Shreveport Police Department knocked on his motel room door. [doc. # 6, p. 1]. Plaintiff removed a loaded clip from his firearm, "pulled the chamber back" to ensure there were no rounds in the chamber, opened the door wide enough to reveal his firearm to the officers, "ease[d]" the firearm out of the door, closed the door, and rushed to put pants on. *Id.* Before Plaintiff returned to open the door, officers entered the motel room "without just cause" using "management's key." [doc. #s 1, p. 3; 6, p. 1].

Although Plaintiff "offered no resistance and attempted to comply with their directions," officers utilized excessive force. [doc. # 1, p. 3]. When Officer Snyder entered the room, he

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

tackled Plaintiff and beat him with closed fists. [doc. # 6, p. 1]. Officer Cole, too, began beating Plaintiff. *Id.* Officer Rose rushed to Plaintiff's right side and shocked him with a Taser. *Id.* Plaintiff pulled the Taser prongs from his arm, and Officer Rose deployed a second Taser. *Id.* When Plaintiff removed the second Taser prongs, Officer Rose hit him with elbow and knee strikes. *Id.* Officers Jenkins and James arrived, and they too began beating Plaintiff. *Id.* Officer Saiz stood on Plaintiff's feet while Officer Snyder attempted to handcuff Plaintiff. *Id.*

Plaintiff maintains that the officers injured his eye, nose, mouth, ribs, legs, back, hips, and knees, leaving him with limited mobility and causing him to perform poorly at work. *Id.* Following his arrest, he received care in a medical ward for two days and, thereafter, in a health ward for approximately two weeks. *Id.* at 2. He continues to receive treatment for his injuries. *Id.* He seeks compensation for the "inconveniences" he incurred, and continues to incur, as a result of his injuries. *Id.*

Plaintiff was detained in Caddo Correctional Center on August 28, 2017. *Id.* He was charged with battery of a police officer, disarming a peace officer, resisting an officer, and damage to property. TELEPHONE CALLS TO CADDO PARISH DISTRICT ATTORNEY AND CADDO PARISH CLERK OF COURT, October 18, 2018; [doc. # 1, p. 3]. On July 25, 2018, a jury convicted him of resisting an officer and found him not guilty of attempting to disarm an officer.[2] *Id.* He was released from incarceration on July 26, 2018, for "time served." [doc. # 6, p. 2].

Plaintiff, however, alleges that he "was not guilty of any form of resistance," claiming that he was a victim of malicious prosecution and false arrest. *Id.* He asks the Court to overturn

---

[2] There are no pending charges against Plaintiff. TELEPHONE CALLS TO CADDO PARISH DISTRICT ATTORNEY AND CADDO PARISH CLERK OF COURT, October 18, 2018.

his conviction. [doc. #s 1, p. 4; 6, p. 2].

## Law and Analysis

**1. Preliminary Screening**

Because Plaintiff is proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Likewise, a complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft*, 556 U.S.

at 662; *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

**2. Entity Unamenable to Suit**

Plaintiff names the Shreveport Police Department as a Defendant. Federal Rule of Civil Procedure 17(b)(3) provides that the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Under Louisiana law, an entity must qualify as a "juridical person," which is an "entity to which the law attributes personality, such as a corporation or a partnership." LA. CIV. CODE art. 24.

Here, the Shreveport Police Department does not qualify as a juridical person. See *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir. 2002) ("[A] sheriff's office is not a legal entity capable of being sued . . . ."). Accordingly, Plaintiff's claims against this entity should be dismissed.

**3. *Heck v. Humphrey***

Plaintiff asks the Court to overturn his conviction of resisting an officer, claiming that he was falsely arrested and maliciously prosecuted. [doc. # 6, p. 2]. He also seeks compensation for the injuries he sustained following the officers' alleged excessive force.[3] *Id.* at 1-2. Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a successful civil rights action that would necessarily

---

[3] Plaintiff only seeks compensation for the "inconveniences" he suffered as a result of the alleged excessive force. [doc. # 6, p. 2]. He does not seek relief for the officers' search of his motel room. While he writes that officers "entered [his] dwelling without just cause[,]" he did not respond to the Court's instructions to amend and clarify whether he seeks relief for the officers' search.

imply the invalidity of a plaintiff's conviction or sentence must be dismissed unless the plaintiff first shows that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus.

Here, Plaintiff expressly asks the Court to declare his conviction invalid.[4] As Plaintiff has not shown that the conviction has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus, this claim should be dismissed.[5] See *Mann v. Denton Cty. Texas*, 364 F. App'x 881, 883 (5th Cir. 2010) (recognizing that *Heck* also applies to requests for declaratory relief).

The claim should also be dismissed, insofar as Plaintiff seeks relief other than an explicit declaration that his conviction is invalid, because prevailing on the false arrest and malicious prosecution claims (i.e. the bases for his contention that his conviction is invalid) would necessarily imply the invalidity of his conviction. "'[F]alse arrest . . . claims challenge the existence of probable cause and, thus, by their essence are collateral attacks on a criminal

---

[4] Because Plaintiff is no longer in custody and does not, consequently, seek release from custody, the undersigned does not construe his request as a petition for habeas corpus. See *Preiser v. Rodriguez*, 93 S. Ct. 1827, 1841-42 (1973) (holding that when an inmate challenges the very fact or duration of his confinement and the relief he seeks is immediate or speedier release, "his sole federal remedy is a writ of habeas corpus.").

[5] *Heck* applies even when a plaintiff is no longer incarcerated and is thus no longer able to file a habeas petition. *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000); see *Queen v. Purser*, 109 F. App'x 659, 660 (5th Cir. 2004) (citing *Randell* and disagreeing with the plaintiff's argument that the "'favorable termination' requirement of *Heck* does not apply because he had completed his sentence before he filed his complaint and thus could not challenge his conviction by means of a federal habeas petition."); *Davis v. Henderson Cty. Sheriff's Dep't*, 2008 WL 4426581, at *4 (E.D. Tex. Sept. 24, 2008) (finding a plaintiff's claim foreclosed by *Heck* even though the plaintiff was no longer incarcerated and noting that the plaintiff must first overturn or set aside the conviction through, for instance, "executive clemency, as for example by the issuance of a pardon . . . .").

judgment's validity.'" *Thomas v. Pohlmann*, 681 F. App'x 401, 406 (5th Cir. 2017) (quoting *Cormier v. Lafayette City-Par. Consol. Gov't*, 493 Fed. App'x. 578, 583 (5th Cir. 2012)); *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995) ("[The plaintiff's] proof to establish his false arrest claim, i.e., that there was no probable cause to arrest [for the crime for which he was ultimately convicted], would demonstrate the invalidity of [the conviction].")).[6] Likewise, Plaintiff's malicious prosecution claim attacks the probable cause from which the evidence used to convict him was derived. See *Heck*, 512 U.S. at 484 ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused."); *Cormier*, 493 F. App'x at 583; *Wells*, 45 F.3d at 95.

Finally, a successful Section 1983 excessive force claim, under Plaintiff's allegations, would necessarily imply the invalidity of his conviction for resisting an officer. Plaintiff maintains that he did not resist the officers in "any form." [doc. # 6, p. 2]. If he prevails on his claim and establishes that the officers' use of force was excessive because he did not resist, he will have established that his conviction is invalid. *Arnold v. Town of Slaughter*, 100 F. App'x 321, 325 (5th Cir. 2004) (finding, where a plaintiff alleged that he did nothing wrong and was viciously attacked for no reason, that the claim was barred because it squarely challenged the factual determination that underlay his conviction for resisting an officer). The claim,

---

[6] See also *Queen*, 109 Fed. App'x. at 1-2 (former inmate's false arrest claim necessarily challenged whether evidence, which officer seized following an allegedly illegal stop, and which led to his subsequent conviction, supplied probable cause for his arrest; thus claim was not cognizable absent showing that the conviction had been invalidated); *Chande v. Moore*, 606 F. App'x 238, 239 (5th Cir. 2015) ("Because a showing that there was no probable cause for the challenged entry, search, seizure, and arrest would call into question the validity of [plaintiff's] resulting conviction for unlawful possession of a controlled substance with intent to deliver in a drug-free zone," the plaintiff's claims were barred by *Heck*); *Goldston v. City of Monroe ex rel. Monroe Police Dep't*, 621 F. App'x 274 (5th Cir. 2015).

6

consequently, is barred by *Heck* and should be dismissed.

### Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Terence B. Williams' claims against the Shreveport Police Department be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state claims on which relief can be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED WITH PREJUDICE** as frivolous until the *Heck* conditions are met.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 22nd day of October, 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE